**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Janet Olivio, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 cv 7223 |
| | ) | |
| LINDA ARNDST as agent of VILLAGE OF | ) | |
| SCHAUMBURG, VILLAGE OF | ) | |
| SCHAUMBURG, ALEXIAN BROTHERS | ) | Judge Robert W. Gettleman |
| BEHAVIORAL HEALTH HOSPITAL f/k/a) | | |
| ABWH CORPORATION, | ) | |
| ALEXIAN BROTHERS HEALTH | ) | |
| SYSTEM, f/k/a ALEXIAN BROTHERS | ) | |
| HEALTH SYSTEM, INC., ST. ALEXIAN | ) | |
| BROTHERS MEDICAL CENTER a/k/a | ) | |
| ALEXIAN BROTHERS HOME HEALTH, | ) | |
| f/k/a ST. ALEXIAN BROTHERS | ) | |
| MEDICAL CENTER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>VILLAGE OF SCHAUMBURG'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT.</u>**

NOW COME the Defendant, **VILLAGE OF SCHAUMBURG,** by its attorneys, Johnston

Greene LLC, states the following as its Answer and Affirmative Defenses to the Plaintiff's

Amended Complaint of Law.

1.      This case was originally filed under Case Number 2007 L 007775 and was refiled [sic]

after voluntary dismissal on or about June 2008. The case is brought well within the one year

time frame allotted for refilling [sic] a cause of action.

**<u>ANSWER</u>: Defendant admits this case was originally filed as 07L7775 and subsequently**

**voluntarily dismissed. Defendant denies the remaining averments.**

2.      This Court has jurisdiction of the action as the action happened in Cook County IL.

**ANSWER: Defendant does not contest jurisdiction.**

3.     Venue is proper and on information and belief, all defendants do business in Cook

County, Illinois.

**ANSWER: Defendant does not contest venue.**

4.     The events giving rise to the claims asserted herein occurred in Cook County, IL.

**ANSWER: Admit.**

5.     The Plaintiff, JANET OLIVIO, [hereinafter **OLIVIO],** a middle aged female, was

beaten severely by Defendant Officers of the Village of Schaumburg both before and

after she was taken into custody and defenseless. **OLIVIO** was strip searched by **ST.**

**ALEXIAN BROTHERS MEDICAL CENTER** employees. **OLIVIO** is 56 years old.

**OLIVIO** is a former insurance company employee who takes care of her ailing mother,

Bertha, full time. She does not work largely because of the need for her to take care of

her mother, Bertha Olivio.

**ANSWER: Defendant denies the averments in the first sentence and is without knowledge**

**or information sufficient to form a belief as to the remaining averments.**

6.     Bertha Olivio is the mother of **OLIVIO.** She has dementia and her health has

been deteriorating for several years. **OLIVIO** has power of attorney over her mother.

**ANSWER: Defendant admits the first sentence and is without knowledge or information**

**sufficient to form a belief as to the truth of the remaining averments.**

7.     On information and belief, the individual defendant **VILLAGE OF**

**SCHAUMBURG** includes [sic] specifically the police officers for the City [sic] of Schaumburg

and are residents of Cook County, Illinois. Specifically, Social worker **LINDA ARNST** [sic]

is a resident of Cook County, Illinois. Further, on information and belief, the defendants

who work for **ALEXIAN BROTHERS** and strip searched **OLIVIO** also reside in Cook

County, IL.

**Answer: Deny.**

COUNT I

**FALSE IMPRISONMENT**

(OLIVIO V. LINDA ARNSTD [sic] AS AGENT OF VILLAGE OF SCHAUMBURG)

8.      Defendant, **SCHAUMBURG,** is a municipality engaged in social services and

police work. The defendant is located at 101 Schaumburg Court, Schaumburg

Illinois 60193.

**ANSWER: Defendant admits the Village of Schaumburg is a municipality that provides**

**police services and is located in Schaumburg, Illinois, but denies the remaining averments.**

9.      **SCHAUMBURG** Defendant agent, **LINDA**, at the time of the occurrence, was

employed by the **VILLAGE OF SCHAUMBURG** as a social worker. Her

misconduct and abuse of her power set in motion a lot of the misconduct of the other

named defendants. On information and belief, she has since been terminated for

misconduct issues.

**ANSWER: Defendant admits the first sentence and denies the remaining averments.**

10.     On or about May 16, 2007, Plaintiff discussed the care of her mother, Bertha

Olivio, with her sister Patricia Librizzi. On or about May 16, 2007, the two sisters,

in a public place at a bank, had a verbal disagreement regarding the care of their 83

year-old mother Bertha Olivio. The plaintiff's mother has dementia and the Plaintiff

**OLIVIO** takes care of her mother 24 hours a day and has power of attorney over her

mother.

3

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

11.     On or about May 16, 2007, Patricia Librizzi appeared outside of the Plaintiff's house. The plaintiff, fearing for her safety, called the defendant **SCHAUMBURG.** Patricia Librizzi demanded entry into the Plaintiff's residence when the plaintiff made the call to the police. When the police arrived at her home, they took the statement of Patricia Librizzi without doing any investigation. The police officers failed to inquire as to who called them as both women are similar in appearance, manner, age and race, and as such the defendant **SCHAUMBURG** assumed that Patricia Librizzi was the victim in distress who called them, when it was actually **OLIVIO** who called and was the victim. Patricia Librizzi told the police that the plaintiff had neglected her mother and/or tried to take her mother's money. She also claimed that the plaintiff had been "evicted" from her apartment and called her a "parasite" in front of onlookers. The Plaintiff had not been evicted from her apartment. The police report claiming that the Plaintiff had been evicted [sic]. The police and the social worker who was present, **LINDA**, without investigating Patricia Librizzi's claims, believed her. The police asked the Plaintiff for her keys and her remote control garage door opener and took the plaintiff's mother away. **LINDA**, on information and belief, has since been fired by the police department because of similar complaints of misconduct.

**ANSWER: Defendant admits a call was placed to 911, that officers arrived with Linda Ahrendt, that individuals were interviewed and that statements were taken, but denies the remaining averments.**

4

12.     The Plaintiff protested confinement and separation from her mother in large part

because of the Plaintiff's mother's needs regarding her medication for Dementia

(Aricept) and anti-depression (Citolopram). She also takes heart medication and

high blood pressure medication. The Plaintiff is the primary 24-hour caregiver for

her elderly mother.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to**

**the truth of the averments in this paragraph.**

13.     On May 16, 2007, the plaintiff went to the Schaumburg police department.

Without justification or sufficient probable cause, the defendant, **VILLAGE OF**

**SCHAUMBURG,** by their agents and employees, forcibly, unlawfully, and

wrongfully imprisoned Plaintiff for approximately 30 hours by sending her for

evaluation to the Alexius Brothers Health facility. **LINDA** became controlling of

the plaintiff and began harassing her for no apparent reason. Specifically, **LINDA**,

made the plaintiff go to the hospital for overnight evaluation against her will. She

made the plaintiff consent against her will and made her sign papers under threat of

duress and violence. **LINDA**, acting under color of law, hospitalized the plaintiff

for no reason or justification. The plaintiff was released when Dr. Gupta made an

evaluation of her. The Illinois Mental Health Code requires hospitalization to any

person who may be a threat to themselves or may be a threat to society. There has

been no evidence suggesting that the plaintiff was a threat to herself or to anyone

else.

**ANSWER:** **Defendant admits the first sentence but denies the remaining averments.**

14.     Prior to the confinement and during the confinement, defendants, **SCHAUMBURG**

5

police officers, with force and arms maliciously, unlawfully and wrongfully

assaulted, battered, beat, bruised and otherwise injured plaintiff by causing an

unlawfully touching to her.

**ANSWER: Deny.**

15.    The confinement by defendants was done knowingly and intentionally against

Plaintiff's consent and will. The Plaintiff orally protested and requested release, but

was denied freedom.

**ANSWER: Deny.**

16.    The plaintiff was further threatened with physical harm by unknown agents of the

Defendant **SCHAUMBURG** police and was forced to sign a waiver of her rights to

protest confinement and subsequent search of her person and belongings.

**ANSWER: Deny.**

17.    The confinement by defendants constituted an unlawful restraint of Plaintiff's

freedom of movement, and was done with willful and wanton disregard of Plaintiff's

rights.

**ANSWER: Deny.**

18.    Plaintiffs confinement was made without probable cause to believe she was a threat

to anyone or herself, and one of the employees of the **ALEXIAN BROTHERS** said

that he did not think that **LINDA's** initial confinement request form had sufficient

facts to justify confinement. **LINDA** subsequently produced a fabricated second

confinement request form and disregarded or destroyed the first form.

**ANSWER: Deny.**

19.    Defendant **SCHAUMBURG's** police officers acted individually and authorized,

6

directed, and adopted all other defendants' wrongful acts.

**ANSWER: Deny.**

20.     Plaintiff at no time knew the reason she was being confined against her will, and expressed to **LINDA** that the plaintiff had power of attorney over her ill mother, and that she had high blood pressure and serious kidney problems of her own. The plaintiff, while confined, told the defendant **LINDA** that she had to use the bathroom because of her fiber diet and **LINDA** told her "use the bathroom on yourself" and "just go in the chair."

**ANSWER: Deny.**

21.     As a direct result and proximate result of defendants' wrongful acts of confinement, Plaintiff was exposed to public disgrace and scandal. Plaintiff's reputation was greatly injured in the community and among her family members. To this day, the Plaintiff still does not speak to some of her family members because she is embarrassed about the episode. Plaintiff sustained severe and permanent injuries, both external and internal, by being greatly bruised, wounded, and otherwise injured about the legs, body and limbs. Plaintiff suffers great mental anguish and physical pain and is incapacitated for work. Plaintiff has paid and will continue to pay large sums for care and treatment because of defendant's actions.

**Answer: Deny.**

COUNT II -- 42 U.S.C. § 1983

**EXCESSIVE FORCE**

(OLIVIO V. VILLAGE OF SCHAUMBURG)

22.     Each of the allegations of Count 1 in this Complaint is incorporated as if restated

fully herein.

**ANSWER: Defendant restates its answers as if fully stated herein.**

23.     As described in the preceding paragraphs, the conduct of Defendant

**SCHAUMBURG** Officers [sic] Plaintiffs constituted excessive force in violation of the

United States Constitution. Specifically, when **LINDA** told **OLIVIO** to use the

bathroom on herself, she showed no regard for **OLIVIO's** rights as a U.S. citizen.

**ANSWER: Deny.**

24.     The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

Specifically, the officer exercised her authority granted under color of law when she

committed **OLIVIO** to a mental institution against her will and without regard for her

rights.

**ANSWER: Deny.**

25.     **LINDA** acted with malice against **OLIVIO** simply because she had the ability to do

so. This misconduct was undertaken with malice, willfulness, and reckless indifference

to the rights of others.

**ANSWER: Deny.**

26.     **LINDA's** misconduct described above was undertaken pursuant to the policy and

practice of the Schaumburg Police Department in that:

    a.  As a matter of both policy and practice, the Schaumburg Police Department

directly encourages, and is thereby the moving force behind, the very type of misconduct

at issue here by failing to adequately train, supervise and control its officers, such that its

failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Schaumburg Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Schaumburg Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Schaumburg Police Officers accused of excessive force can be confident that the OPS will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the **SCHAUMBURG** Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Schaumburg Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Schaumburg Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

e. **SCHAUMBURG** has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER: Deny.**

27.    As a result of the unjustified and excessive use of force by Defendant **SCHAUMBURG** Officers, as well as the City's policy and practice, Plaintiff has

9

suffered pain and injury, as well as emotional distress.

**ANSWER: Deny.**

28.     The misconduct described in this Count was undertaken by Defendant Officers within

the scope of their employment and under color of law such that their employer, City of

Schaumburg, is liable for their actions.

**Answer: Deny.**

COUNT III.

**NEGLIGENCE**

(OLIVIO V. LINDA ARNDST [sic] AS AGENT OF VILLAGE OF SCHAUMBURG)

29.     Plaintiff re-alleges paragraphs 1-28 of Count V [sic] and incorporates them by reference

into this count.

**ANSWER: Defendant restates its answers to paragraphs 1-28 as if fully stated herein.**

30.     At the aforesaid time and place, defendant **LINDA** by her agents and employees,

owed a duty to the plaintiff to investigate the validity of any statements that may cause

them to confine a citizen of Schaumburg as well as a duty to avoid and prevent injury to

such individuals.

**ANSWER: Deny.**

31.     The defendant, **LINDA**, acted maliciously and willfully under color of law, and

improperly used her authority to falsely imprison the plaintiff **OLIVIO** as she had

knowledge that **OLIVIO** had Power of Attorney over her mother.

**ANSWER: Deny.**

32.     When the plaintiff had to use the bathroom, the defendant further acted willfully

and maliciously by telling her to "use it on yourself like a dog."

**ANSWER:** **Deny.**

33.     The defendant breached this duty by confining the defendant against her will without regard to finding out the validity of her claim. On information and belief, the defendant has been fired from the Village of Schaumburg for her unprofessional misconduct to citizens of Schaumburg like **OLIVIO.**

**ANSWER:** **Deny.**

34.     At the aforesaid time and while confining plaintiff, **LINDA** used her authority over **OLIVIO** and caused the plaintiff to be confined without investigating the validity of some basic facts such as whether the Plaintiff did anything wrong, or whether she was in fact evicted, or whether the Plaintiff was the primary caregiver of her elderly mother with Power of Attorney over her, or whether the Plaintiff was a threat to herself or her mother.

**ANSWER:** **Deny.**

35.     That defendant **LINDA** was then and there guilty of one or more of the following negligent acts or omissions:

   a.   Failure to properly train or supervise the **SCHAUMBURG** agents acting in concert with her at the time of the occurrence, with due regard to the safety of the Plaintiff.

   b.   Confined the Plaintiff without regard to her safety.

   c.   Confined the Plaintiff without regard to her mother's safety.

   d.   Failed to exercise reasonable care regarding the validity of confinement.

   e.   Failed to exercise reasonable care regarding the health and medical needs of the Plaintiff.

11

    f.   Exerted her authority to cause severe injury to the Plaintiff.

    g.   Failed to exercise reasonable care in conducting an investigation regarding

the allegations made against the Plaintiff.

**ANSWER: Deny.**

36.     As a direct and proximate result of one or more of the foregoing negligent acts

or omissions of defendant, by and through its agents and/or employees, Plaintiff received

severe and permanent injuries, including injuries to the muscles and tissue and

contusions. Plaintiff incurred and will incur in the future, medical and doctor expenses,

and pain and suffering, all to her great damage.

**ANSWER: Deny.**

COUNT IV -- 42 U.S.C. § 1983

**UNLAWFUL SEIZURE**

(OLIVIO V. VILLAGE OF SCHAUMBURG)

37.     Each Paragraph in this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answers as if fully stated herein.**

38.     As described more fully above, unknown **SCHAUMBURG** Defendant Officers, acting

as agents of **SCHAUMBURG** unlawfully detained **OLIVIO** without legal justification. She

was held against her will and without justification.

**ANSWER: Deny.**

39.     The misconduct described in this Count was undertaken with malice, willfulness, and

reckless indifference to the rights of others. Specifically, the officers exerted force and

control over **OLIVIO** with reckless indifference to her rights or the rights of other

citizens by causing her to be strip searched.

12

**ANSWER:** **Deny.**

40.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the **SCHAUMBURG** Police Department in the manner described in preceding paragraphs. Specifically, the Village of Schaumburg has a policy in place wherein the officers not only exercise a Code of Silence but ban together and are willing to give false testimony/affidavit regarding the conduct of fellow officers.

**ANSWER:** **Deny.**

41.     As a result of the above-described wrongful infringement of **OLIVIO's** rights, she suffered damages, including but not limited to emotional distress and anguish. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer and the defendant herein, **SCHAUMBURG,** is liable for their actions.

**ANSWER:** **Deny.**

42.     As a direct and proximate result of one or more of the foregoing acts or omissions of Defendant unknown officers, by and through its agents and/or employees, Plaintiff received severe and permanent injuries, including injuries to the muscles and tissue and contusions. Plaintiff incurred and will incur in the future, medical and doctor expenses, and pain and suffering, all to her great damage.

**Answer:** **Deny.**

COUNT V -- 42 U.S.C. § 1983

**DENIAL OF MEDICAL ATTENTION**

(OLIVIO V. VILLIAGE OF SCHAUMBURG)

43.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

13

**ANSWER: Defendant restates its answers as if fully stated herein.**

44.     **OLIVIO** was handcuffed and beaten by unknown defendant police officers, acting as

agents of **SCHAUMBURG.** After being beaten by Defendant Officers, **OLIVIO**

requested medical attention. **OLIVIO** has high blood pressure, and was taking

medication to address her high blood pressure. She also was on a high fiber diet to

address her weight in conjunction with her high blood pressure. **OLIVIO** explained her

medical needs to several officers and **LINDA**. Despite having actual knowledge of his

medical condition, **LINDA** and unknown Defendant Officers of **SCHAUMBURG** failed

to provide Janet with medical attention.

**ANSWER: Deny.**

45.     In this manner, the conduct of the Defendant Officers was objectively unreasonable

and deliberately indifferent to **OLIVIO's** medical needs.

**ANSWER: Deny.**

46.     The misconduct described in this Count was undertaken pursuant to the policy and

practice of the Schaumburg Police Department in the manner described in the preceding

paragraphs.

**ANSWER: Deny.**

47.     As a result of the unknown Defendant Officers' objectively unreasonable conduct and

deliberate indifference to necessary medical needs, the plaintiff suffered additional

damages, including but not limited to mental distress, fatigue, vomiting, headaches and

anguish.

**ANSWER: Deny.**

48.     The misconduct described in this Count was undertaken by the Defendant Officers

within the scope of their employment and under color of law such that their employer,

Village of Schaumburg, is liable for their actions.

**ANSWER: Deny.**

49.     As a direct and proximate result of one or more of the foregoing acts or omissions of

Defendant, by and through its agents and/or employees, Plaintiff received severe and

permanent injuries, including injuries to the muscles, tissue and contusions. Plaintiff

incurred and will incur in the future, medical and doctor expenses, and pain and

suffering, all to her great damage.

**ANSWER: Deny.**

COUNT VI -- 42 U.S.C. § 1983

**CONSPIRACY**

(OLIVIO V. VILLAGE OF SCHAUMBURG)

50.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answers as if fully described herein.**

51.     Prior to the assault and battery on Plaintiff described above in each of the Counts

above, the unknown Defendant Officers, at the direction of **LINDA**, and as agents of

**SCHAUMBURG** acted under color of law within the scope of their employment, and

entered into an agreement amongst themselves with other unknown police officers to

deprive Plaintiff of her constitutional rights.

**ANSWER: Deny.**

52.     Out of fear, **OLIVIO** was subservient to the officers and frightened by them because

of the obvious lethal force that they were capable of using as the officers carried guns.

The misconduct of each unknown officer was undertaken with malice, willfulness, and

15

reckless indifference to the rights of others.

**ANSWER: Deny.**

53.    As a proximate result of this conspiracy, Plaintiffs suffered damages, including the deprivation of Plaintiffs' constitutional rights and emotional distress.

**ANSWER: Deny.**

54.    The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Schaumburg, is liable for their actions.

**ANSWER: Deny.**

55.    The actions of the defendant officers as agents bind their principle, Village of Schaumburg.

**ANSWER: Deny.**

56.    As a direct and proximate result of one or more of the foregoing acts or omissions of defendant unknown officers, by and through its agents and/or employees, plaintiff received severe and permanent injuries, including injuries to the muscles and tissue and contusions. Plaintiff incurred and will incur in the future, medical and doctor expenses, and pain and suffering, all to her great damage.

**ANSWER: Deny.**

Count V -- 42 U.S.C. § 1983

<u>**FAILUE TO INTERVENE**</u>

(OLIVIO V. SCHAUMBURG)

57.    Each Paragraph in this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answers as if fully stated herein.**

58.     One or more of the Defendant Officers of the defendant **SCHAUMBURG** had a reasonable opportunity to prevent another Officer from violating Plaintiffs' constitutional rights as described above, had they been so inclined, but failed to do so. The effort on the part of any officer would have been minimal, but would have prevented the confinement and beating of the Plaintiff.

**ANSWER: Deny.**

59.     As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and physical injury, as well as emotional distress.

**ANSWER: Deny.**

60.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: Deny.**

61.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the **SCHAUMBURG** Police Department in the manner described more fully above.

**ANSWER: Deny.**

62.     The misconduct described in this Count was undertaken by the Defendant **SCHAUMBURG** Officers within the scope of their employment and under color of law such that their employer, Village of Schaumburg, is liable for their actions.

**ANSWER: Deny.**

63.     As a direct and proximate result of one or more of the foregoing acts or omissions of defendant unknown officers, by and through its agents and/or employees, plaintiff

received severe and permanent injuries, including injuries to the muscles and tissue and

contusions. Plaintiff incurred and will incur in the future, medical and doctor expenses,

and pain and suffering, all to her great damage.

**ANSWER: Deny.**

Count VI --- STATE LAW CLAIM

**ASSAULT AND BATTARY**

(OLIVIO V. VILLAGE OF SCHAUMBURG)

64.     Each Paragraph in this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answers as if fully stated herein.**

65.     As described in the preceding paragraphs, the conduct of the Defendant

**SCHAUMBURG** and unknown officers acting as agents of **SCHAUMBURG,** acting

under color of law and within the scope of their employment, constituted unjustified and

offensive physical contact, undertaken willfully and wantonly, proximately causing

Plaintiffs' injuries. Specifically, on or around the date of the confinement of the

plaintiff, unknown defendant officers struck the Plaintiff and bruised her person with fists

and open hands. The Plaintiff was struck on her back and chest by unknown officers.

The Plaintiff did not consent to the harmful touching by the unknown officers.

**ANSWER: Deny.**

66.     The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER: Deny.**

67.     The misconduct described in this Count was undertaken with malice, willfulness, and

reckless indifference to the rights of others.

18

**ANSWER:** **Deny.**

68.     As a result of this misconduct touching, all Plaintiffs sustained injuries, including but

not limited to bodily harm and a reasonable apprehension of bodily harm.

**ANSWER:** **Deny.**

69.     The misconduct described in this Count was undertaken by the Defendant

**SCHAUMBURG** Officers within the scope of their employment and under color of law

such that their employer, Village of Schaumburg, is liable for their actions.

**ANSWER:** **Deny.**

Count VII - STATE LAW CLAIM

**RESPONDEAT SUPERIOR**

(OLIVIO V. SCHAUMBURG)

70.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant restates its answers as if fully stated herein.**

71.     In committing the acts alleged in the preceding paragraphs, the Defendant

**SCHAUMBURG** Officers were members and agents of the Schaumburg Police

Department acting at all relevant times within the scope of their employment.

**ANSWER:** **Deny.**

72.     Defendant **SCHAUMBURG** is liable as principal for all torts committed by its

agents.

**ANSWER:** **Deny.**

73.     As a direct and proximate result of one or more of the foregoing acts or omissions

of defendant unknown officers, by and through its agents and/or employees, Plaintiff

received severe and permanent injuries, including injuries to the muscles and tissue and

19

contusions. Plaintiff incurred and will incur in the future, medical and doctor expenses, and pain and suffering, all to her great damage.

**ANSWER: Deny.**

Count VII – STATE LAW CLAIM

<strong><u>INDEMNIFICATION</u></strong>

(OLIVIO V. VILLIAGE OF SCHAUMBURG)

74.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answers as if fully stated herein.**

75.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Admit.**

76.     The Defendant Officers are or were employees of the Village Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER: Deny.**

77.     As a direct and proximate result of one or more of the foregoing acts or omissions of defendant unknown officers, by and through its agents and/or employees, plaintiff received severe and permanent injuries, including injuries to the muscles and tissue and contusions. Plaintiff incurred and will incur in the future, medical and doctor expenses, and pain and suffering, all to her great damage.

**ANSWER: Deny.**

Count IX --- STATE LAW CLAIM

## ASSAULT AND BATTARY

### (OLIVIO V. ALEXIAN BROTHERS)

78.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answers as if fully stated herein.**

79.     As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs' injuries. Specifically, on or around the date of the confinement of the Plaintiff, unknown defendant agents of **ALEXIAN BROTHERS** confined the Plaintiff and struck the plaintiff and bruised her person with fists and open hands. **ALEXIAN BROTHERS** also strip searched the plaintiff. The Plaintiff was subjected to unlawful and unauthorized touching by unknown employees of **ALEXIAN BROTHERS.** The Plaintiff did not consent to the harmful touching by the unknown agents of **ALEXIAN BROTHERS.**

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

80.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

81.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

82.     As a result of this misconduct touching, all Plaintiffs sustained injuries, including but not limited to bodily harm and a reasonable apprehension of bodily harm.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

83.     The misconduct described in this Count was undertaken by the Defendant **ALEXIAN BROTHERS** within the scope of their employment and **ALEXIAN BROTHERS, is** liable for their actions.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

COUNT X

**FALSE IMPRISONMENT**

(OLIVIO V. ALEXIAN BROTHERS)

84.     The Plaintiff incorporates by reference all previously pled paragraphs.

**ANSWER: Defendant restates its answers as if fully stated herein.**

85.     Defendant, **ALEXIAN BROTHERS,** is a hospital engaged in behavior sciences for persons with mental deficiency.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

86.     Defendant **ALEXIAN BROTHERS,** by the acts and omissions of its employees and agents, strip searched the plaintiff against her will on or about May 16, 2007.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

87.     Defendant **ALEXIAN BROTHERS,** by the acts and omissions of its employees, physically confined the plaintiff against her will.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

88.     Defendant **ALEXIAN BROTHERS,** by acts and omissions of its employees, threatened the Plaintiff with extended confinement if she did not do as she was told.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

89.     As a direct result and proximate result of defendants' wrongful acts of confinement, plaintiff was exposed to public disgrace and scandal. Plaintiff's reputation was greatly injured in the community and among her family members. To this day, the Plaintiff still does not speak to some of her family members because she is embarrassed about the episode. Plaintiff sustained severe and permanent injuries, both external and internal, by being greatly bruised, wounded, and otherwise injured about the legs, body and limbs. Plaintiff suffers great mental anguish and physical pain and is incapacitated for work. Plaintiff has paid and will continue to pay large sums for care and treatment because of defendant's actions.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

## AFFIRMATIVE DEFENSES

1.      Defendant is entitled to immunity under the Local Governmental and Local

Governmental Employees Tort Immunity Act.

2.      Plaintiff's claims are barred by the Statute of Limitations.

3.      The complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant requests this Honorable Court to enter judgment to its favor, grant its

attorneys' fees, costs and expenses and any other relief it deems just.


s/ Iain Johnston
One of the Attorneys for Defendant


Iain Johnston    (ARDC #6204667)
JOHNSTON GREENE LLC
542 S. Dearborn Street, Suite 1110
Chicago, IL 60605
(312) 341-3900